UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

JOHN SMITH,

                      Plaintiff,

      -against-                                **ORDER**

UNITED STATES DEP'T OF JUSTICE;              18 Civ. 03371 (JCM)
FEDERAL BUREAU OF PRISONS;
UNITED STATES GOVERNMENT;
EMT-P M. YONNONE; PA-C DANIEL
TARALLO; DR. DIANE SOMMER,

                      Defendants.

-------------------------------------------------------X

Plaintiff John Smith[1] ("Plaintiff") brings this *pro se* action against the United States for negligence under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80.[2] (Docket No. 2 at 1[3]). On April 7, 2022, Plaintiff filed an application to the Court to request *pro bono* counsel. (Docket No. 65). On April 8, 2022, Defendant was directed to respond to the application. (Docket No. 66). Defendant submitted a letter response on April 22, 2022 indicating that Defendant takes no position on Plaintiff's request for *pro bono* counsel. (Docket No. 67).

In civil matters, indigent plaintiffs do not have a constitutional right to counsel. *See Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011). However, courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (1996). The Court has "substantial discretion" in determining whether to

---

[1] On April 27, 2018, Chief Judge McMahon granted Plaintiff's application to proceed in this action under the alias "John Smith." (Docket No. 7).

[2] Plaintiff's claims against the individual defendants and the United States Department of Justice were dismissed by Judge Halpern on June 17, 2021. (Docket No. 50). The FTCA claim remains. (*Id.*).

[3] All page citations refer to the page numbers assigned upon the electronic filing of the documents.

grant such a request. *Massey v. Greinal*, 164 F. Supp. 2d 377, 378 (S.D.N.Y. 2001) (quotations and citation omitted). In exercising this discretion, the Court must make two initial inquiries: (i) whether Plaintiff can afford counsel, and, if not, (ii) whether the merits of the case and Plaintiff's position "seem[] likely to be of substance." *Id.* (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). If the threshold requirements are established, "the Court should then consider: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder; (3) the indigent's ability to present the case; (4) the complexity of the legal issues; and (5) any special reason in the case why appointment of counsel would be more likely to lead to a just determination." *Rush v. Artuz*, No. 00-CIV-3436(LMM)(DF), 2001 WL 1313465, at *4 (S.D.N.Y. Oct. 26, 2001)[4] (citing *Hodge,* 802 F.2d at 61–62; *Hendricks v. Coughlin*, 114 F.3d 390, 394-95 (2d Cir. 1997)). The Court should also consider whether the plaintiff has attempted to obtain a lawyer, and whether a lawyer is available to assist the plaintiff. *See Cooper v. A. Sargenti Co., Inc.,* 877 F.2d 170, 172 (2d Cir. 1989).

      Here, the Court finds Plaintiff satisfies the threshold requirement of indigence as he has established the need to proceed *in forma pauperis*. (Docket No. 5). As for the likely substance of Plaintiff's claim, the Court finds that on the face of the pleadings, it may have merit.

      Nevertheless, the Court is not persuaded that appointment of counsel is warranted at this time. Plaintiff claims that he needs *pro bono* counsel because he is "incarcerated by Defendant" and because he is "out of [his] depth[s]," given the "level of complexity" that came with

---

[4] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendant's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the *pro se* litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

2

government's response to his interrogatories and government expert's report. (Docket No. 65 at 1).

Considering the *Hodges* factors, the Court finds that this case does not present any complex issues. *Brown v. Austin*, No. 05 Civ. 9443(KPC)(RLE), 2007 WL 2005618, at *2 (S.D.N.Y. July 10, 2007) (holding in part that the question of adequate medical attention was not "so complex" as to require appointed counsel). The Court also observes that Plaintiff has demonstrated his ability to compile material facts and effectively present his claims to the Court, as his "properly filed submissions have been presented with care and set forth relevant facts . . . adequately and competently." *Boston v. Brown*, No. 10–CV–01494 (CBA), 2014 WL 726683, at *10 (E.D.N.Y. Feb. 24, 2014). Moreover, Plaintiff has not indicated what steps, if any, he has taken to find an attorney on his own, and "the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12 Civ. 7020(TPG), 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 59).

Plaintiff submitted a letter, dated March 8, 2022, to the Southern District's Pro Se Intake Unit requesting assistance in retaining an expert. (Docket No. 64). In response, the Pro Se Intake Unit sent Plaintiff an Application for the Court to Request Pro Bono Counsel form. To the extent Plaintiff believes that *pro bono* counsel will retain a medical expert on his behalf, that belief is misguided. Expert witnesses are "non-treating physicians who are asked to review records and opine on matters in which they were not involved," and generally require a fee for their services. *Wright v. Condit*, No. 13 Civ. 2849(CM)(JCF), 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015). Critically, "appointed counsel, who would be appearing *pro bono*, have no

3

obligation to front funds to pay for an expert witness." *Id.*  Instead, to prove his case, Plaintiff may call the doctors who treated him to testify at trial by subpoena. *Id.*

Although the Court is sympathetic to the difficulties in navigating the justice system without a law degree, "this [C]ourt does not have a panel of attorneys who can be compelled to take on civil cases *pro bono*, and does not have the resources to pay counsel in civil matters," so it must be particular in selecting "the rare cases" in which the Court expends its "limited resources to appoint counsel to champion an indigent litigant's cause." *Wright v. Knibbs*, No. 13 Civ. 2849(CM), 2014 WL 4978621, at *1 (S.D.N.Y. Oct. 3, 2014).  At this time, the *Hodge* factors do not favor an appointment of counsel.

Accordingly, Plaintiff's application is denied with leave to renew should circumstances change.  The Clerk of the Court is respectfully requested to terminate the pending application (Docket No. 65), and mail a copy of this Order to the *pro se* Plaintiff.

Dated:   April 28, 2022
         White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge

4